IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID L. COLLEY and § | | |
| SHARNEAL H. COLLEY § | | PLAINTIFFS |
| § | | |
| v. § | | Civil No. 1:07CV1175-HSO-JMR |
| § | | |
| CSX TRANSPORTATION, INC. and § | | |
| LIBERTY MUTUAL INSURANCE CO. § | | DEFENDANTS |

## ORDER AND REASONS DENYING DEFENDANT
## CSX TRANSPORTATION, INC.'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment of Defendant CSX Transportation, Inc. ["CSX"], filed August 28, 2008 [82-1], in the above-captioned cause. Plaintiffs David L. Colley and Sharneal H. Colley [collectively "Plaintiffs"] have filed a Response [87-1], and CSX has filed a Reply [89-1]. After consideration of the submissions, the record, and the relevant legal authorities, the Court finds that CSX's Motion for Summary Judgment [82-1] must be denied.[1]

### I. BACKGROUND

This action stems from a November 2, 2004, collision between a CSX train and a cement mixer truck being driven by Plaintiff David L. Colley ["Mr. Colley"]. *See* Compl., at p. 2. The collision occurred at an at-grade railroad crossing[2] on Industrial Road in Pascagoula, Mississippi, in front of the business location of Mr.

---

[1] Plaintiffs filed a Motion for Leave to Amend Complaint [107-1] on February 2, 2009, which remains pending.

[2] The Fifth Circuit has explained that "[a]n 'at-grade' crossing is a crossing at the level of the tracks, as opposed to, for example, a crossing via bridge or tunnel." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 326 n.1 (5th Cir. 2008).

Colley's employer, Gulf Concrete, Inc., also known as Bayou Concrete ["Gulf Concrete"]. *See id.* Mr. Colley was on his way to retrieve a load of concrete when the accident occurred. *See id.*

Plaintiffs filed their Complaint on November 1, 2007. *See* Compl. They allege that CSX was negligent in maintaining the right-of-way at the subject crossing and in failing to sound an audible warning on the train's approach to the crossing. *See id.* at pp. 3-4. Mr. Colley seeks damages for past and future pain, suffering, impairment, disability, medical bills, loss of enjoyment of life, lost wages, and earning capacity, while Mrs. Colley seeks damages for loss of consortium. *See id.* at pp.4-5. Plaintiffs request "compensatory damages in amounts in excess of $75,000.00 each . . ., plus pre-judgment and post-judgment interest, and all costs herein." *Id.* at p. 5. CSX now seeks summary judgment.[3]

## II. DISCUSSION

A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is

---

[3] Defendant Liberty Mutual Insurance Company ["Liberty Mutual"] filed a Motion to Intervene and Notice of Statutory Lien [27-1] on March 10, 2008, asserting that it paid Mr. Colley "workers' compensation benefits, both medical and indemnity, totaling approximately $268,740.76, under and pursuant to the laws of the State of Mississippi, and has a subrogation interest, or a lien, in the proceeds as specifically provided for in Miss. Code Ann. §71-3-71 (1972) if the Plaintiff, David Colley, is successful in his action against Defendants, CSX Transportation, Inc." *Id.* On March 12, 2008, the Court granted the Motion to Intervene, and Liberty Mutual was aligned as a Defendant.

entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142, 149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson*, 477 U.S. at 249. The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments

and assertions in briefs or legal memoranda. *See Gaddis v. Smith & Nephew, Inc.*, 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

B. CSX's Motion

Plaintiffs contend that CSX was negligent in maintaining the right-of-way at the crossing, and also by failing to sound an audible warning, or alternatively, an adequate audible warning, on the train's approach to the crossing. *See* Compl., at pp. 2-4. CSX counters that Plaintiffs' claims of negligence fail as a matter of law because they cannot establish that CSX owed any duty to maintain the right-of-way or to sound an audible warning of the train's approach. *See* CSX's Mem. Brief in Supp. of its Mot. for Summ. J., at pp. 6-8.

1. Maintenance of Railroad Right-of-Way at Subject Crossing

Plaintiffs assert that the collision occurred because Mr. Colley's "view in both directions up and down the track was dangerously obstructed by tall vegetation growing on CSX's right-of-way." Compl., at p. 3. Plaintiffs maintain that

> [a]lthough CSX undertook to maintain the subject crossing serving a known industrial location, CSX breached its common law duty owed to plaintiffs and other motorists it knew or should have known would be using this crossing, of using reasonable care to make the crossing safe for them, by allowing vegetation on the CSX right-of-way between the rails and the chain link fence on the Gulf Concrete property line to grow tall and thick, thereby blocking motorists' views up and down the track. Such sight obstruction prevented approaching motorists from having adequate clear sight distance in which to detect the presence of an approaching train in sufficient time to avoid a collision. Such negligent failure to remove vegetation on its right-of-way made the crossing in an unreasonably dangerous and extra-hazardous condition for persons traversing it because it prevented them from seeing an approaching train until they were dangerously close to the track, thereby proximately

causing, or proximately contributing to, the accident and injuries to Plaintiffs....

Compl., at pp. 3-4.

In the context of determining whether a crossing was extra hazardous due to vegetation, the Mississippi Supreme Court has stated that

> [o]rdinary care requires the railroad company to meet the unusual conditions of a railroad crossing with unusual precautions, particularly where the dangerous condition results from obstructions of view which prevent a traveler from seeing an approaching train until he is dangerously close to the track. *New Orleans & Northeaster R.R. Co. v. Lewis*, 214 Miss. 163, 172, 58 So.2d 486, 489 (1952). The nature of the obstruction and whether one must come dangerously close to the crossing before being able to see the train are factual questions to be resolved by the finder of fact. *Badger v. Louisville & N.R. Co.*, 414 F.2d 880, 882-83 (5th Cir. 1969).... [I]t has been held that negligence claims against a railroad that permitted the view at a crossing to become obstructed by trees, bushes, weeds and grass were matters for the jury to decide when a vehicle operator would have to proceed to a point of peril upon or dangerously near the railroad company's tracks before obtaining an unimpeded view of a train at an appreciable distance. *Stacey v. Illinois Cent. R.R.*, 491 F.2d 542, 544 (5th Cir. 1974).

*Illinois Cent. R.R. Co. v. Hawkins*, 830 So. 2d 1162, 1170-71 (Miss. 2002) (*quoting Clark v. Illinois Cent. R.R.*, 794 So. 2d 191, 194-95 (Miss. 2001)).

Mississippi cases discussing the vegetation or right-of-way maintenance at crossings primarily involve public crossings, as opposed to the private crossing at issue here. However, CSX has not pointed the Court to any authority that would not hold it to a common law duty of reasonable care under the circumstances at a private crossing. *See Illinois Central R.R. Co. v. Pigott*, 181 So. 2d 144, 147 (Miss. 1965) (stating that "[a]t common law a railroad is bound to exercise reasonable care in the operation of its trains and to avoid injury to persons and animals at all

-5-

crossings, *private as well as public...*") (emphasis added) (*quoting Illinois Central Railroad Company v. Mann*, 106 So. 7, 8 (Miss. 1925)).

CSX does not address what its right-of-way maintenance duty at common law would be at the private crossing in this case. Rather, it asserts that it owed no duty by virtue of a contract between it and Mr. Colley's employer. CSX contends that "[t]he site of the collision was a private grade crossing maintained and controlled by Gulf Concrete (a/k/a Bayou Concrete) in Jackson County, Mississippi." CSX's Mot. for Summ. J., at p. 1. CSX relies upon a Private Road Grade Crossing Agreement ["Crossing Agreement"] with Gulf Concrete. *See* CSX's Mem. Brief in Supp. of its Mot. for Summ. J., at pp. 3, 7-8 (*citing* Crossing Agreement, attached in part as Ex. "3" to CSX's Mot. for Summ. J.). Plaintiffs respond that, regardless of any such Agreement, CSX owed them a duty of reasonable care, and that CSX could not shift its liability to Plaintiffs to Gulf Concrete by virtue of the Crossing Agreement. *See* Pls.' Resp. to CSX's Mot. for Summ. J., at pp. 3-9, 13-15. Even assuming for the purposes of this Motion that CSX could be relieved by contract from the consequences of its own negligence, the record reflects that the complete Crossing Agreement has not been included as part of the briefing. Pages 1 and 2 of the Crossing Agreement are attached as Exhibit "3" to CSX's Motion for Summary Judgment, and Exhibit A-40 to the Crossing Agreement is attached as Exhibit "B" to Plaintiffs' Response.

Based upon the portions of the Crossing Agreement provided, and assuming for the sake of argument that the duty to maintain the right-of-way with respect to third parties could be delegated, this duty does not appear to have been conclusively delegated to Gulf Concrete in this case.  The plain language of the Crossing Agreement states that CSX "hereby grants to [Gulf Concrete] the right or license to use or maintain an existing <u>private road at grade</u> across the track(s), right-of-way, and property of Railroad, at or near Kreole, Jackson County, Mississippi, DOT# 340115G...."  Crossing Agreement, at p. 1, attached in part as Ex. "3" to CSX's Mot. for Summ. J. (emphasis in original).   The Crossing Agreement as submitted defines "Maintenance" in terms of keeping vegetation cut to certain standards, but nowhere is the duty of maintaining the right-of-way at this crossing imposed exclusively on Gulf Concrete.  *See id.* at pp. 1-2; Ex. A-40 to Crossing Agreement, attached as Ex. "B" to Pls.' Resp.

The Court is of the opinion that CSX has not established that there is no genuine issue as to any material fact, or that it is entitled to judgment as a matter of law, regarding the existence or violation of a common law duty owed by it to maintain the right-of-way.  *See Illinois Cent. R.R. Co. v. Hawkins*, 830 So. 2d 1162, 1170-71 (Miss. 2002); *see also Illinois Central R.R. Co. v. Mann*, 106 So. 7, 8 (Miss. 1925) (determining that, unless it is manifest from the evidence that the only inference that can be drawn therefrom is one of negligence on the part of the

railroad or its employees, the question of reasonable care is one for the jury to determine on common law principles).

      2.    <u>Alleged Failure to Sound Audible Warning at Subject Crossing</u>

Plaintiffs also assert that the collision occurred because CSX breached its duty of reasonable care in the operation of its trains "by failing to sound an adequate audible warning of the train's approach as required by MCA § 77-9-225 and separately required by Mississippi common law...." Compl., at p. 4. CSX contends that it "had no duty to sound an audible warning as it approached the subject private grade crossing." CSX's Mot. for Summ. J., at p. 3. CSX relies on Mississippi Code § 77-9-225, which reads, in relevant part, as follows:

> Every railroad company shall cause each locomotive engine run by it to be provided with a bell of at least thirty (30) pounds weight and with a whistle or horn which can be heard distinctly at a distance of three hundred (300) yards, and shall cause the bell to be rung or the whistle or horn to be blown at the distance of at least three hundred (300) yards from the place where the railroad crosses over *any public highway or municipal street*. The bell shall be kept ringing continuously or the whistle or horn shall be kept blowing at repeated intervals until said crossing is passed.

Miss. Code § 77-9-225 (emphasis added).

Plaintiffs argue that the crossing was "quasi public," *see* Pls.' Resp. to Def.'s Mot. for Summ. J., at p. 13, and that, even if the crossing was private, such that this statutory provision was inapplicable, CSX still owed a common law duty of reasonable care under the circumstances, *see id.* at p. 4. The unrebutted summary judgment evidence supports the conclusion that this was a private crossing, such

that CSX owed Plaintiffs no statutory duty. However, the Court agrees with Plaintiffs that CSX still owed them a common law duty under Mississippi law. For example, Mississippi Model Jury Instruction, Civil, § 18:1 states,

> [t]he operator of a train is under a duty to persons, crossing or attempting to cross a railroad track at a public or private crossing, to exercise reasonable care, that is, the care that a reasonably prudent operator of a train would exercise under the same or similar circumstances.

Mississippi Model Jury Instruction Civil § 18:1; *see also Illinois Central R.R. Co. v. Pigott*, 181 So. 2d 144, 147 (Miss. 1965).

Whether CSX exercised reasonable care regarding the sounding of an audible warning under the circumstances presented in this case is a question of fact for the jury. *See* Mississippi Model Jury Instruction Civil § 18:1; *Pigott*, 181 So. 2d at 147 (stating that "[a]t common law a railroad is bound to exercise reasonable care in the operation of its trains and to avoid injury to persons and animals at all crossings, *private as well as public*; and if by reason of peculiar or extraordinary circumstances surrounding a crossing and known to the trainmen ordinary prudence would require an alarm or signal to be given by an approaching train, then its omission is negligence. The question is one for the jury to determine on common-law principles.")(emphasis added)(*quoting Illinois Central Railroad Company v. Mann*, 106 So. 7, 8 (Miss. 1925)); *see also Illinois Central R.R. Co. v. McDaniel*, 151 So. 2d 805, 812-13 (Miss. 1963).

## III. CONCLUSION

Reviewing the evidence presented in the light most favorable to Plaintiffs and resolving all doubt in their favor, as the Court must, there are genuine disputes of material fact. Moreover, CSX has not met its burden of showing that it is entitled to judgment as a matter of law. As such, summary judgment in CSX's favor is not appropriate. *See* FED. R. CIV. P. 56.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, the Motion for Summary Judgment of Defendant CSX Transportation, Inc., filed August 28, 2008 [82-1], should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 5th day of February, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE