IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID L. COLLEY and | | |
| SHARNEAL COLLEY § | | PLAINTIFFS |
| § | | |
| v. § | | Civil Action No. 1:07cv1175HSO-JMR |
| § | | |
| § | | |
| CSX TRANSPORTATION, INC. § | | DEFENDANT |

**ORDER GRANTING DEFENDANT'S MOTIONS IN LIMINE REGARDING
COMMON LAW DUTY, REQUIREMENT TO BLOW HORN, AND WHO'S
DUTY IT WAS TO MAINTAIN THE VEGETATION AT THE SUBJECT
GRADE CROSSING**

BEFORE THE COURT are Defendant CSX Transporation, Inc.'s (CSX) Motion [115] in Limine–Common Law Duty, Motion [117] in Limine–Requirement to Blow Horn, and Motion [123] in Limine to Prohibit Testimony Regarding Who's Duty it was to Maintain the Vegetation at the Subject Grade Crossing, all of which were filed on May 7, 2009. Plaintiffs filed a consolidated Response [129] to all three Motions, and Defendant filed Replies [132], [134], [135]. After a full review of the record, the submissions of the parties, and the relevant legal authorities, and after hearing from both parties on the Motions at the May 19, 2009, Pretrial Conference in this case, the Court finds that the Motions should be granted as stated herein.

Defendant seeks to exclude testimony of, comment on or reference to "testimony that CSXT had a common law duty to provide a safe grade crossing," Def.'s Mot. [115] at p. 1, "testimony that the train crew was required to blow [sic] horn for every grade crossing," Def.'s Mot. [117] at p. 1, and testimony regarding

-1-

"who had the duty to maintain the vegetation at the subject private grade crossing," Def.'s Mot. [12] at p. 1. The Court is of the opinion that Defendant's Motions essentially seek to exclude testimony in the form of legal opinions as to what duties it may or may not have owed Plaintiffs.

Though Federal Rule of Evidence 704 "abolishes the per se rule against testimony regarding ultimate issues of fact," neither it nor Federal Rules of Evidence 701 and 702, governing opinion testimony of fact and expert witnesses, permit any witness to testify as to legal conclusions. *See Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 239-40 (5th Cir. 1983). Rule 704's advisory committee note states that

> [u]nder Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach....They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.

FED. R. EVID. 704 advisory committee's note.

The Court is of the opinion that testimony stating opinions on any duty to provide a safe grade crossing, for CSX to blow its horn at every grade crossing, or to maintain the vegetation at the subject crossing, would waste time and offer impermissible legal conclusions. Based upon the foregoing, such testimony is inadmissible under the Federal Rules of Evidence and Defendant's Motions must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion

[115] of Defendant CSX Transportation, Inc., in Limine–Common Law Duty, should be and is hereby **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [117] of Defendant CSX Transportation, Inc., in Limine–Requirement to Blow Horn, should be and is hereby **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [123] of Defendant CSX Transportation, Inc., in Limine to Prohibit Testimony Regarding Who's Duty it was to Maintain the Vegetation at the Subject Grade Crossing, should be and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED**, this the 20th day of May, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE