# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID L. COLLEY and SHARNEAL COLLEY | § | PLAINTIFFS |
| | § | |
| v. | § | Civil Action No. 1:07cv1175HSO-JMR |
| | § | |
| CSX TRANSPORTATION, INC. | § | DEFENDANT |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE–ULTRAHAZARDOUS CROSSING

BEFORE THE COURT is Defendant CSX Transporation, Inc.'s (CSX), Motion [125] in Limine–Ultrahazardous Crossing , filed on May 7, 2009. Plaintiffs filed a Response [129], and Defendant filed a Reply [131]. After a full review of the record, the submissions of the parties, and the relevant legal authorities, and after hearing from both parties on the Motion at the May 19, 2009, Pretrial Conference in this case, the Court finds that the Motion should be granted in part and denied in part.

Defendant seeks to exclude testimony of, comment on or reference to "testimony that the subject grade crossing is 'dangerous,' 'hazardous,' 'unusually dangerous,' 'ultra-hazardous,' and/or 'extra-hazardous'...." Def.'s Mot. at p. 1. The record reflects that Plaintiff's expert, Dr. Gary Long, has "opined that the subject crossing was 'extra-ordinarily hazardous' and/or 'ultra-hazardous.'" Def.'s Mot. at p. 2. Defendant does not challenge the reliability of Dr. Long's testimony, or his qualifications, but instead avers that such testimony has no probative value and

would mislead and confuse the jury.

The Court is of the opinion that such testimony is admissible under the Federal Rules of Evidence. *See Baker v. Canadian National/Illinois Central Railway Co.*, 397 F. Supp. 2d 803, 820 (S.D. Miss. 2005) ("Expert testimony may properly be admitted as to the question whether a particular crossing is extra hazardous."); *see also Young v. Illinois Central Gulf R.R. Co.*, 618 F.2d 332, 337 (5th Cir. 1980) (finding an expert's testimony regarding the dangerous condition of a railroad track admissible). As stated in *Illinois Central Railroad Co. v. White*, 610 So. 2d 308 (Miss. 1992), and as quoted by this Court in *Baker*,

> [i]n this case, the experts testified that the railroad crossing was extra hazardous (or dangerous) because of the proximity of the crossing to the curve and the trestle over the ravine. This is not the ultimate issue. The ultimate issue which the jury resolved was whether or not the railroad was negligent in not doing more to warn of its impending approach of trains at the White's crossing. The expert testimony that the crossing was 'extra hazardous' merely assisted the trier of fact in this regard.

*White*, 610 So. 2d at 319-20.

The Court is of the opinion that otherwise admissible testimony offered by Plaintiff's expert that the subject railroad track is dangerous, hazardous, unusually dangerous, ultra-hazardous, and/or extra-hazardous would be helpful to the jury and is admissible under the Federal Rules of Evidence.[1]

To the extent Defendant's Motion seeks to exclude lay opinion testimony that

---

[1] The factors that inform Dr. Long's opinion of the relative safety of the crossing are of course subject to cross-examination. *See Baker*, 397 F. Supp. 2d at 823.

the track is dangerous, hazardous, unusually dangerous, ultra-hazardous, and/or extra-hazardous, its Motion is granted. Opinion testimony from unqualified witnesses as to the relative safety of the crossing would be unhelpful to a jury. *See Baker*, 397 F. Supp. 2d 803; *see also* FED. R. EVID. 701 (requiring lay opinion testimony to be helpful to the trier of fact). Such testimony should also be excluded pursuant to Federal Rule of Evidence 403 on grounds that its probative value, if any, would be substantially outweighed by the danger of unfair prejudice. *See* FED. R. EVID. 403.

Based upon the foregoing, Defendant's Motion must be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [125] in Limine–Ultrahazardous Crossing, should be and is hereby **GRANTED IN PART AND DENIED IN PART**, as stated herein.

**SO ORDERED AND ADJUDGED**, this the 27th day of May, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE