IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID L. COLLEY and | | |
| SHARNEAL COLLEY § | | PLAINTIFFS |
| § | | |
| v. § | Civil Action No. 1:07cv1175HSO-JMR | |
| § | | |
| § | | |
| CSX TRANSPORTATION, INC. § | | DEFENDANT |

## ORDER GRANTING DEFENDANT'S MOTION IN LIMINE– FAILURE TO BLOW HORN ON PRIOR OCCASIONS

BEFORE THE COURT is Defendant CSX Transporation, Inc.'s (CSX), Motion [121] in Limine–Failure to Blow Horn on Prior Occasions, filed on May 7, 2009. Plaintiffs filed a Response [129], and Defendant filed a Reply [133]. After a full review of the record, the submissions of the parties, and the relevant legal authorities, and after hearing from both parties on the Motion at the May 19, 2009, Pretrial Conference in this case, the Court finds that the Motion should be granted.

Defendant seeks to exclude testimony of, comment on or reference to "testimony that CSXT allegedly failed to blow its horn on prior occasions...." Def.'s Mot. at p. 1. Specifically, Gulf Concrete employee Clyde Channey testified that there had "been a lot of times" in the past year that the CSX trains did not sound their horns, presumably at the subject railroad crossing. See Channey Dep. at p. 47, attached as Ex. "A" to Def.'s Mot. Defendant asserts that such testimony at the trial of this matter would be unfairly prejudicial.

Federal Rule of Evidence 406 states that:

> [e]vidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

FED. R. EVID. 406.

"Rule 406 allows the introduction of evidence of the habit of a person for the purpose of proving that the person acted in conformity with his habit on a particular occasion." *Mobil Exploration and Producing U.S., Inc. v. Cajun Construction Services, Inc.*, 45 F.3d 96, 99 (5th Cir. 1995). Evidence of a routine practice is highly probative, *see id.*, but it is "not lightly established," *Jones v. Southern Pacific Railroad*, 962 F.2d 447, 449 (5th Cir. 1992). "To obtain a Rule 406 inference of the routine practice of a business, a plaintiff must show a sufficient number of specific instances of conduct to support that inference." *Mobil Exploration*, 45 F.3d at 99. "Evidence of the defendant's actions on only a few occasions...are not enough; the plaintiff must show regularity over substantially all occasions...." *Id*. The Court is not persuaded that Channey's testimony that CSX failed to sound its horn "a lot" at the subject crossing meets this threshold requirement.

Evidence of other crimes, wrongs, or acts may also be admitted pursuant to Federal Rule of Evidence 404(b). Rule 404(b) states that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

FED. R. EVID. 404(b).

It is not clear that Rule 404(b) applies to corporations such as CSX. *See* 22 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE § 5233 (1978). However, even assuming Rule 404(b) would apply in this instance, testimony about CSX's alleged failure to sound its horn on prior occasions to establish that it failed to blow its horn on November 2, 2004, the date of the accident, is inadmissible. Plaintiff does not argue that such testimony would be used to establish "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Moreover, this testimony should be excluded pursuant to Federal Rule of Evidence 403 on grounds that it is substantially more prejudicial than probative. *See* FED. R. EVID. 403. The Court agrees with *Carpenter v. Norfolk & Western Railway Co.*, No. 96-3871, 1998 WL 199723, at *9 (6th Cir. April 16, 1998), which found that "any effort to show whether the whistle blew at other times with other engine crews, when the issue is whether the whistle blew on [the date of the subject accident], would unjustly prejudice the defendant."

Based upon the foregoing, Defendant's Motion must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [121] in Limine–Failure to Blow Horn on Prior Occasions, should be and is hereby **GRANTED**.

**SO ORDERED AND ADJUDGED**, this the 27th day of May, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE